Laura H. Kennedy (012173) – Lkennedy@ckdqlaw.com
Cindy C. Albracht-Crogan (020336) – Calbracht-Crogan@ckdqlaw.com
*C o h e n   K e n n e d y   D o w d   &   Q u i g l e y*
*The Camelback Esplanade 1*
*2425 East Camelback Road • Suite 1100*
*Phoenix, Arizona 85016*
*Telephone 602•252•8400*
*Facsimile 602•252•5339*
*E-mail filings@ckdqlaw.com*
Attorneys for Plaintiff Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| NATIONWIDE MARKETING SERVICES, INC. | (Jury Trial Requested) |
| Defendant. | |

## Complaint

Plaintiff EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), by its undersigned attorneys, complains and alleges against Defendant NATIONWIDE MARKETING SERVICES, INC. d/b/a Natimark ("Natimark"), as follows:

## Nature of the Case

1.      For many years, Experian and its affiliated entities have been industry leaders in consumer data collection and distribution of data and lists for advertising and other business purposes. Experian and its affiliated entities have continually refined their data collection and compilation methods to create one of the premier and best known consumer databases of household information known as the InSource Database. The InSource Database (now known as the

ConsumerView Database) is the nation's highest quality repository of consumer marketing information.

2.    Recently, Experian became aware that the Defendant is unlawfully making use of the InSource Database and is using information extracted from the InSource Database in connection with the sale of Defendant's own marketing lists without Experian's permission or authority.

3.    Plaintiff owns intellectual property rights relating to or embodied in the InSource Database, including copyright and trademark rights.  This complaint pleads copyright infringement.

## The Parties

4.    Experian is a corporation organized under the laws of Ohio with a principal place of business located at 475 Anton Blvd., in Costa Mesa, California.  Therefore, EIS is a citizen of Ohio and California.

5.    Experian is a global leader in providing information, analytical tools and marketing services to businesses.

6.    Among other things, Experian and its related entities provide marketing lists and other marketing services to direct marketers using information extracted from its proprietary consumer databases of household information known as the InSource[1] Database.

7.    Defendant Natimark is a corporation organized under the laws of Florida that maintains its principal place of business at 3620 N 3rd Ave., 2nd Floor in Phoenix, Arizona.  Therefore, Natimark is a citizen of Florida and Arizona.

## JURISDICTION AND VENUE

8.    This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

---

[1]    The InSource Database has recently undergone a name change and is now known as the ConsumerView Database.

2

9.      Jurisdiction is expressly conferred on this Court under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

11.     Defendant is conducting business and committing acts of copyright infringement by, selling and/or offering for sale Experian copyrighted work within this judicial district.  Defendant is therefore subject to personal jurisdiction in this district.

**Background Facts**

12.     Experian and its affiliated entities employ approximately 15,500 people in 38 countries, supporting clients in more than 65 countries.  Experian and its U.S. affiliated entities have annual revenues in excess of $2 billion.

13.     Experian and its affiliated entities maintain demographic information on approximately 215 million consumers in 110 million living units across the United States.

14.     Experian and its predecessor entities have been in the data information business for decades.

15.     Experian is an original source compiler of data, meaning it collects data directly from more than 3,500 original public and proprietary sources.  Experian compiles and analyzes data related to consumer socio-demographics, lifestyles, culture and behavior, and then employs a proprietary analytical system to accurately and comprehensively categorize millions of consumers into a compilation of datasets into what is known as the InSource Database.

16.     To achieve the highest quality of the InSource Database, Experian and its affiliated entities employ a rigorous process of testing and evaluation to ensure data cleanliness, coverage depth, recency and accuracy.  The InSource Database is updated 24 hours a day, 7 days a week to ensure only the most current data is maintained.  The process includes the application of proprietary

models, data from thousands of sources and proven algorithms to ensure that only the most deliverable addresses and accurate data elements are housed within the InSource Database. The InSource Database has been fixed in a tangible medium.

17.     Experian and its affiliated entities spend millions of dollars purchasing data directly from its original sources, as well as obtaining proprietary information from their customers in order to expand their data beyond publicly-available sources. Experian and its affiliated entities also spend millions of dollars fine tuning and testing the accuracy of the InSource Database and the computer programs that compile its exclusive consumer database.

18.     Experian and its related entities sell and market their data products and services on a national basis, including in Arizona, both directly to end user clients as well as through their authorized resellers ("Experian Authorized Resellers"). Experian Authorized Resellers are all contractually bound to handle and distribute information from the InSource Database under strict terms and conditions (including confidentiality) which prohibit the distribution of information from the InSource Database to persons other than authorized users who have paid for the use of the data, either to Experian and its related entities directly or through an authorized reseller.

19.     To become an Experian Authorized Reseller, entities must commit to significant minimum royalty agreements as well as adhere to data security guidelines in order to prohibit unauthorized access or use of InSource Database. As part of their reseller agreements, Experian Authorized Resellers are required to allow auditing of their books, records and security measures to ensure that Experian and its related entities are being compensated by the reseller for use of data from the InSource Database and that data is not being distributed without adequate security measures and protections. Furthermore, Experian's standard terms and conditions, which all Experian Authorized Resellers must adhere to, specifically prohibit the use of the InSource

4

Database from being used as a reference file to commingle data extracted from the InSource Database with other non-Experian data, and then being re-marketed as an entirely different database or marketing list.

20.     Experian undertakes significant efforts to control and maintain the secret and proprietary nature of its InSource Database.  In the standard terms and conditions with its licensees, Experian and its related entities require that the data from the InSource database be maintained in strict confidence and only disseminated under strict terms and conditions.  Experian also requires its licensees to adhere to data security measures to protect unauthorized accessing of the InSource Database.  Experian Licensed Resellers may only disseminate data from the InSource Database through the internet under certain specified secure conditions and must obtain Experian's prior written permission before doing so.

21.     Experian created, designed, and authored the collection, selection, arrangement and segmentation of the information contained within the InSource Database.

22.     The InSource Database constitutes an original work of authorship of Experian.  Experian is the owner of all right, title, and interest in the copyrights in the InSource Database.

23.     The InSource Database has been registered with the United States Copyright Office.  A true and correct copy of the registration of the InSource Database, Registration No. TX0007499062, is attached as Exhibit 1 to this Complaint.

24.     Natimark markets itself on its website  <www.natimark.com> as "providing better data, better results, better pricing and better service for over 20 years in the marketing and telemarketing industries" and "over 25 years in business" despite the Florida Secretary of State's records showing Natimark was incorporated in 2010.

5

25.     Natimark also advertises on its website that its "online tools of list counts and fulfillment, data modeling and analytics are more reliable, faster and easier to use than anyone in the industry."

26.     Natimark has taken data elements from other sources and commingled those elements with data from the InSource Database to create a database of children's birth data from the ages of 2 through 17 ("Children's Birth Data").

27.     Natimark has exhibited and solicited orders for licensing of its Children's Birth Data directly to end users of marketing lists and to resellers ("Natimark Resellers").  The Natimark Resellers have solicited paid licenses to the Children's Birth Data to both end users of marketing data and to compilers of data.

28.     Upon information and belief, Natimark knowingly and willfully copied from the InSource database and used the copy in connection with the creation of the Children's Birth Data.

29.     Upon information and belief, without the knowledge or approval of Experian, Natimark has licensed the use of the Children's Birth Data to end users and Natimark Resellers for substantial licensing fees.

30.     In fact, one of Experian's affiliated entities was approached by a Natimark Reseller to license the Children's Birth Data from the Natimark Reseller for a substantial fee.

**<u>COUNT I</u>**
**Copyright Infringement**

31.     Plaintiff incorporates the allegations of Paragraphs 1–30 of this Complaint by reference as though fully set forth herein.

32.     Experian owns a valid and enforceable copyright and U.S. Copyright Registration No. TX0007499062 for its work entitled "InSource Database."

33.     Despite Experian's exclusive rights to the work entitled "InSource Database" Natimark has infringed, or induced or contributed to the infringement of, the copyrighted work without permission.

34.     Natimark's unauthorized reproduction, distribution, and sale of Experian's copyrighted work and the creation, reproduction, distribution and sale of a derivative work constitute copyright infringement in violation of 17 U.S.C. § 501.

35.     Natimark's copyright infringement has been willful, knowing, and intentional.

36.     Unless enjoined by the Court, Natimark will continue to do the acts complained of herein and cause damage and injury, all to Experian's irreparable harm and Natimark's unjust enrichment.

### Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant, granting the following relief:

a)     Judgment that Defendant has directly infringed, induced infringement of, or contributed to the infringement of Plaintiff's copyrighted work;

b)     An injunction pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502 against Defendant, its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with Defendant or who receive notice of such injunction, permanently enjoining and restraining them from making, selling, or advertising products including Plaintiff's copyrighted work, or otherwise infringing Plaintiff's and copyrights;

c)     An order that Defendant be directed to file in Court, and to serve on Plaintiff, within thirty (30) days after entry of the above injunction, a report in writing, under oath,

setting forth in detail the manner and form in which Defendant has complied with the injunction;

d)      An order that Defendant be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503, all products, packaging, prints, advertisements, publications, promotions, or other articles in its possession bearing Plaintiff's copyrights;

e)      An order that Defendant be required to account for and pay over to Plaintiff all actual damages suffered by Plaintiff; all gains, profits, and advantages derived by Defendant from Defendant's infringement of Plaintiff's intellectual property, and such damages as the Court shall deem proper within the Copyright Act, and Arizona common law;

f)      An order that Defendant pay actual or statutory damages, pursuant to 17 U.S.C. § 504(a)–(c)

g)      Judgment that Defendant's infringement of Plaintiff's copyrights has been willful;

h)      An award of increased damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendant's wrongful acts;

i)      Any and all such other and further relief as this Court deems fair and equitable.

### Jury Demand

Plaintiff demands a trial by jury on all issues properly tried to a jury.

DATED this 26th day of March, 2013.

COHEN KENNEDY DOWD & QUIGLEY, P.C.
The Camelback Esplanade I
2425 E. Camelback Road, Suite 1100
Phoenix, Arizona  85016
Attorneys for Defendants


By____s/ Laura H. Kennedy_____
        Laura H. Kennedy
        Cindy C. Albracht-Crogan

8