*Cohen Kennedy Dowd & Quigley, P.C.*
*The Camelback Esplanade I*
*2425 East Camelback Road • Suite 1100*
*Phoenix, Arizona 85016*
*Telephone 602•252•8400  Facsimile 602•252•5339*

Laura H. Kennedy (012173) Lkennedy@ckdqlaw.com
Cindy C. Albracht-Crogan (020336) Calbracht-Crogan@ckdqlaw.com
Cameron G. LaDuke (028153) CLaDuke@ckdqlaw.com

*Michael Best & Friedrich LLP*
*100 E. Wisconsin Ave, Suite 3000*
*Milwaukee, Wisconsin 53202*
*Telephone 414•271•6560  Facsimile 414•271•0656*

Paul E. Benson (*pro hac vice*) pebenson@michaelbest.com

*Michael Best & Friedrich LLP*
*Two Prudential Plaza*
*180 N. Stetson Ave, Suite 2000*
*Chicago, Illinois 60601*
*Telephone 312•222•0800  Facsimile 312•222•0818*

Carrie A. Hall (*pro hac vice*) cahall@michaelbest.com
Paul R. Coble (*pro hac vice*) pcoble@michaelbest.com

Attorneys for Plaintiff Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Experian Information Solutions, Inc., | Case No:  CV-13-00618-SRB |
| Plaintiff, | **EXPERIAN'S RESPONSE TO DEFENDANT NATIONWIDE MARKETING SERVICES, INC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c).** |
| v. | |
| Nationwide Marketing Services, Inc., | |
| Defendant. | (Assigned to the Honorable Susan R. Bolton) |

Defendant Nationwide Marketing Services, Inc.'s ("Natimark") Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (the "Motion") is an improper attempt by

Natimark to argue the substance of its case at the pleadings stage.  Natimark's Motion ignores the overwhelming weight of authority contradicting its position and adopts an unjustifiably myopic interpretation of the Complaint (Dkt. No. 1), the asserted copyright, and the prevailing law.  Natimark employs selective quoting to invent pleading requirements comparable to the standard applied on summary judgment.  Indeed, Natimark demands a pleading standard that has already been expressly discredited in this District and numerous others.  The Court should reject Natimark's Motion.

Plaintiff Experian Information Solutions, Inc.'s ("Experian") Complaint for copyright infringement provides factual detail above and beyond the demands of Federal notice pleading requirements.  Experian's Complaint explains how it collects data from hundreds of sources and carefully sifts through that data to select only the most trustworthy and accurate data for inclusion in Experian's InSource Database.  Experian then coordinates that data with other data and arranges the data in its database.  The data selection and organization process described in the Complaint creates copyrightable subject matter and Experian has received a copyright registration for the selection, coordination, arrangement, and compilation of the data in Experian's database, attached as Exhibit 1 to the Complaint (the "Registration").  Experian's Complaint also alleges facts showing that Natimark has copied data from Experian's InSource Database and that, as a result of Natimark's copying, Natimark has taken copyrightable elements protected by Experian's Registration.

## I.      Natimark Misrepresents The Appropriate Legal Standard

Natimark's Motion attacks the sufficiency of the Complaint and is evaluated under the same standard as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  Such motions, however, are "viewed with disfavor and [are] rarely granted."  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  To defeat Natimark's Motion, Experian's Complaint must only contain a short, plain statement sufficient to put the defendant on notice of what is claimed.  Fed. R. Civ. P. 8(a)(2); *Bodine Produce, Inc. v. United Farm Workers Org. Comm.*, 494 F.2d 541, 556 (9th Cir. 1974) ("[t]he intent of Rule 8(a)(2) is to require that

2

the pleader's 'short plain statement' give to the 'defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citation omitted); *Doe v. Ariz. Hosp.*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871, at *10 (D. Ariz. Mar. 19, 2009) ("A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citation omitted).  The complaint "does not need detailed factual allegations," it must only contain sufficient facts such that the claim is *plausible* on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Natimark's Motion paints a very different and very inaccurate picture of the law. Natimark has cherry-picked quotes from a slew of cases to stitch together a portrayal of Federal pleading standards that is inconsistent with reality.  One of the more egregious examples of Natimark's selective quoting occurs on the second page of the Motion:

| **Natimark's Statement** | **Non-Truncated Quotes (emphasis on Natimark's quoted language)** |
|---|---|
| "To allow Plaintiffs [sic] sole cause of action for copyright infringement to proceed any further, based merely on the vague allegation that Defendant copied 'data' from Plaintiff's InSource Database, without setting forth "the way in which the [data] has been expressed, selected, and coordinated by [Plaintiff] in the [InSource Database] as a whole work of authorship that is original" (*Tennessee Walking Horse Breeder's and Exhibitors' Assoc. v. Nat'l Walking Horse Assoc.*, No. 1:05-0088, 2007 U.S. Dist. LEXIS 8191, at *20 (M.D. Tenn. Jan. 31, 2007)) "would be appalling" (*Assessment Technologies*, 350 F.3d at | "While the underlying facts regarding a particular horse or its lineage may not be subject to copyright protection, it is **the way in which the facts have been expressed, selected and coordinated by [plaintiff] in the Registry and Registry Certificates as a whole work of authorship that is original** and subject to the protection of [plaintiff's] copyright." (*Tennessee Walking Horse Breeder's & Exhibitors' Assoc.*)  "This case is about the attempt of a copyright owner to use copyright law to block access to data that not only are neither copyrightable nor copyrighted, but were not created or obtained by the copyright owner. The owner is trying to secrete the data in its |

Cohen Kennedy Dowd & Quigley

| | |
|---|---|
| 642). | copyrighted program—a program the existence of which reduced the likelihood that the data would be retained in a form in which they would have been readily accessible.  It **would be appalling** if such an attempt could succeed." (*Assessment Techs.*) |

Natimark plucks snippets of decisions from their context and reassembles them to create the impression that complaints alleging infringement of a database copyright—and apparently only those complaints—are held to a draconian standard of pleading. Specifically, Natimark claims that Experian must plead "allegations indicating that Plaintiff's arrangement or compilation of data within the InSource Database (i) does not follow industry conventions or other external factors which so dictate selection that any person composing a compilation of the type at issue would necessarily select the same categories of information; [and] (ii) is not an obvious, garden variety, or routine selection."[1]  (Motion 6:20-7:1.)  Natimark's claim finds no support in any of the cases it cites.  In fact, most of Natimark's cases actually support Experian.  (*See* Ex. A.)

Remarkably, of the 40 cases cited in Natimark's Motion, only 3 of them actually dismiss copyright claims at the pleadings stage, and those cases are readily distinguishable. In *Ipreo Holdings LLC v. Thomson Reuters Corp.*, the court dismissed a complaint that was "too ambiguous to reasonably enable defendant to answer."  No. 09 CV 8099 (BSJ), 2011 U.S. Dist. LEXIS 25356, at *16 (S.D.N.Y. Mar. 7, 2011).  In contrast, Natimark has answered Experian's Complaint, responded to discovery, and propounded 8 sets of its own discovery, all of which demonstrate that Natimark knows exactly what it is accused of in the Complaint.  Moreover, Judge Murguia of this District—as well as "a number of treatises and other federal courts"—specifically rejected the heightened pleading standard under which *Ipreo Holdings* was decided.  *Robert Kubicek Architects & Associates, Inc. v. Bosley*, No. CV 09-00145-PHX-HMH, 2009 U.S. Dist. LEXIS 90628, at *2-*3 (D. Ariz. Sept. 21, 2009).  Both

---

[1]     Although it is not required to do so by Federal pleading standards, Experian's Complaint has, in fact, set forth numerous factual allegations concerning Experian's extensive decision-making process for selecting, coordinating, and arranging data in its InSource Database.  (Compl. ¶¶ 15-17.)

*Cohen Kennedy Dowd & Quigley*

4

of the other cases dismissing a copyright complaint at the pleadings stage, *Alaska Stock* and *Bean*,[2] stand for the unremarkable (and inapplicable) position that the owner of a copyright registration in a compilation of unregistered pictures, including pictures *created by others*, cannot use that registration to assert infringement of the individual pictures because the authors of the pictures were not identified on the copyright registration. *Alaska Stock, LLC, v. Houghton Mifflin Harcourt Publ'g Co.*, No. 3:09-cv-0061-HRH, 2010 U.S. Dist. LEXIS 108041, at *6-*12 (D. Alaska Sept. 21, 2010); *Bean v. Houghton Mifflin Harcourt Publ'g Co.*, No CV 10-8034-PCT-DGC, 2010 U.S. Dist. LEXIS 83676 (D. Ariz. August 9, 2010). In short, Natimark's own authorities do not support the relief requested in Natimark's Motion. The Motion should therefore be denied.

## II.    Argument

### A.    Natimark Is Not Entitled To Judgment On The Pleadings Because Experian's Complaint States A Claim For Copyright Infringement.

A complaint for copyright infringement need only set forth sufficient facts to allege (1) ownership of valid copyright; and (2) infringement of that copyright by the defendant. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 876 (9th Cir. 2005). Experian's Complaint is not a mere boilerplate recitation of these elements. Experian has provided more than enough factual allegations to support its claim for copyright infringement. In the analogous case of *Robert Kubicek Architects*, Judge Murguia analyzed the specificity necessary to plead each element of a claim for copyright infringement and expressly rejected the granularity of detail now demanded by Natimark. *Robert Kubicek Architects*, 2009 U.S. Dist. LEXIS 90628, at *4-*5. For both elements, the specificity of Experian's factual allegations exceeds that of the allegations that passed muster in *Robert Kubicek Architects*.

///

---

[2]    As noted below, the Copyright Office has opined that *Alaska Stock* and *Bean* were incorrectly decided and is "optimistic" that they will be overturned. *Final Rule, Deposit Requirements for Registration of Automated Databases That Predominately Consist of Photographs*, 77 Fed. Reg. 40268, 40270 (July 9, 2012).

Cohen Kennedy Dowd & Quigley

1. *The Complaint sufficiently alleges that Experian owns a valid and enforceable copyright in the InSource Database.*

The Complaint describes the process by which Experian created copyrightable elements in its database and alleges that Experian owns the copyright in those protectable elements. (Compl. ¶¶ 21-23, 33-34.) Such allegations are more than sufficient to plead the first element of copyright infringement:

| Allegations sufficient to plead "ownership of the copyright by the plaintiff" | |
|---|---|
| *Robert Kubicek Architects* at *4 | Experian's Complaint |
| "RKAA is the owner of a number of copyrighted architectural drawings, elevations, and specifications . . ." | "21.    Experian created, designed, and authored the collection, selection, arrangement and segmentation of the information contained within the InSource Database.

22.    The InSource Database constitutes an original work of authorship of Experian.  Experian is the owner of all right, title, and interest in the copyrights in the InSource Database."
(Compl. ¶¶ 21-22.) |

Like the Plaintiff in *Robert Kubicek Architects*, Experian has also identified the copyright registration covering the InSource Database and attached that registration to the Complaint. 2009 U.S. Dist. LEXIS 90628, at *4; (Compl. ¶¶ 23, 32; Ex. 1). Experian's Registration, even without more, is sufficient to allege ownership of a valid copyright. *See United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) ("A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'") (citing 17 U.S.C. § 410(c)).

Experian's Complaint, however, contains factual allegations that go well beyond the minimum showing that Experian has a copyright in its InSource Database. Experian's Complaint explains the rigorous and unique process by which it selects the data to include in the database. (Compl. ¶ 16.) Experian also provides facts relating to its proprietary methods and algorithms to coordinate, arrange, and categorize data. (Compl. ¶¶ 15-17.) Even

*Cohen Kennedy Dowd & Quigley*

6

*Cohen Kennedy Dowd & Quigley*

Natimark's own authority recognizes that such allegations are sufficient to plead ownership of a valid copyright.  *See BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 607-08 (S.D.N.Y. 2010) (denying a motion to dismiss because allegations that the plaintiff's algorithms and methodologies were developed "independently" is sufficient to infer the requisite level of originality).  Accordingly, there can be no credible argument that Experian has not sufficiently pled the first element of a claim of copyright infringement.

> 2.  *The Complaint sufficiently alleges that Natimark has infringed Experian's registered copyright.*

Experian has also sufficiently pled the second element of a claim of copyright infringement; that Natimark has copied protected elements of the InSource Database.  The Complaint alleges that Experian has a copyright in the selection, coordination, arrangement, and compilation of data in the InSource Database (Compl. ¶¶ 21-23), that Natimark copied data from the InSource Database (Compl. ¶¶ 26, 28), and that Natimark's copying of data infringes the protectable elements in Experian's copyright (Compl. ¶¶ 33-34).  These allegations exceed Experian's obligation to provide Natimark sufficient notice of the claim:

| Allegations sufficient to plead "infringement of the copyright by Defendant" | |
| --- | --- |
| *Robert Kubicek Architects* at *4 | Experian's Complaint |
| "RKAA discovered that The Bosley Group had unlawfully used, copied, and/or modified significant portions of RKAA's Copyrighted Works in providing competing architectural services . . ." | "26.  Natimark has taken data elements from other sources and comingled those elements with data from the InSource Database to create a database of children's birth data from the ages of 2 through 17 ("Children's Birth Data)." (Compl. ¶ 26.) <br><br> "28.  Upon information and belief, Natimark knowingly and willfully copied from the InSource database and used the copy in connection with the creation of the Children's Birth Data."  (Compl. ¶ 28.) <br><br> "33.  Despite Experian's exclusive rights to the work entitled "InSource Database" |

| | Natimark has infringed, or induced or contributed to the infringement of, the copyrighted work without permission.<br><br>34.     Natimark's unauthorized reproduction, distribution, and sale of Experian's copyrighted work and the creation, reproduction, distribution and sale of a derivative work constitute copyright infringement in violation of 17 U.S.C. § 501."  (Compl. ¶¶ 33-34.) |
| --- | --- |

Natimark incorrectly characterizes paragraph 26 of the Complaint as the only "basis of [Experian's] infringement claim."  (Motion 3:4-8.)  In doing so, Natimark improperly attempts to use paragraph 26 to limit the scope of the Complaint and asks the Court to ignore all other allegations in the Complaint, including the actual basis of Experian's claim: Count I.  (*See* Motion 3:8-10.)  Natimark's position is that Experian's use of the word "data" in paragraph 26 necessarily means that Experian is asserting copyright infringement over uncopyrightable facts.  But Natimark's position is not consistent with a full and fair reading of the Complaint.

Experian's Registration covers the "selection, coordination, arrangement, and compilation of data" (Dkt. No. 1-1) and Natimark concedes, as it must, that those elements of a computer database are copyrightable.  (Motion 4:7-13.)  Experian alleged that Natimark copied "data" because, of course, it is not possible to copy the "selection, coordination, arrangement, [or] compilation **of data**" without copying "data."  A copyrightable database is comprised of data just as a novel is comprised of words.  In the same way that copying a novel requires copying words, data is the vehicle by which the protected selection, coordination, arrangement, and compilation are copied from the InSource Database. Experian's factual allegation in paragraph 26 that Natimark copied data is perfectly consistent with Experian's legal contention that Natimark's copying of data infringes protected elements of the Registration.

Moreover, the futility of Natimark's position is obvious when one considers the fact

*Cohen Kennedy Dowd & Quigley*

8

that Natimark's entire Motion would be mooted by swapping out the word "data" in paragraph 26 of the Complaint and replacing it with the phrase "selection, arrangement, coordination, or compilation of data." Experian certainly could make this replacement, but need not do so because it would be redundant of paragraphs 21-23 and 33-34. Natimark's tunnel-vision on a single word in the Complaint is not a reasonable basis upon which to grant Natimark's Motion.

**B.      Natimark Is Not Entitled To Partial Judgment On The Pleadings Because Natimark's Argument Is Premised On An Incorrect Reading Of Copyright Law.**

Alternatively, Natimark asks for partial judgment on the pleadings on two bases: (1) "to preclude [Experian] from asserting its copyright infringement claim premised on the copying of data in the InSource Database since such data is not copyrightable as a matter of law," and (2) to prevent Experian from asserting infringement of "any version of the InSource Database dating from outside the statutorily-permitted time frame." These requests are essentially motions *in limine* in disguise. The Court should deny Natimark's requests for prospective limitations on issues that may or may not arise in this case.

Natimark's first request is meaningless and nonsensical. It is uncontested that facts are not copyrightable but the selection, coordination, arrangement, and compilation of facts is copyrightable. (Motion 4:14-17.) Natimark will likely continue to argue that it only copied non-protectable data and Experian will contend that Natimark's copying amounts to copying Experian's copyrighted selection, coordination, arrangement, or compilation of data. These arguments are appropriate subjects for summary judgment and trial, not a Rule 12(c) motion. Either way, the scope of discovery into what Natimark copied will be the same. Natimark's first request for partial judgment should be rejected because it is nothing more than an advisory statement of the law. *See* U.S. CONST. art. III, § 2, cl. 1; *see also Nielsen Co. (U.S.), L.L.C. v. Truck Ads, L.L.C.*, 2011 U.S. Dist. LEXIS 6453, at *7(N.D. Ill. Jan. 24, 2011) (declining, for lack of a justiciable controversy, to preclude plaintiff from claiming a copyright over facts because plaintiff did not, and could not, claim that facts were copyrightable).

Natimark's second request for partial judgment on the pleadings should be rejected because it is premised on an incorrect understanding of Copyright Law.[3]  Natimark confuses what is *registered* with what is *protected* and seeks to improperly limit the potential time period for infringement to a single 3-month window.  Under Natimark's portrayal of the law, the Registration can sustain an action for copyright infringement if Natimark copied the database on September 30, 2011, but not if Natimark copied it on October 1, 2011.  According to Natimark, this is true regardless of whether the database is the same or substantially similar to what  it was the day before.  (Motion 11:15-19.)  Such a result is the pinnacle of absurdity.

Natimark blatantly misrepresents the case law and its positions are directly refuted by its own cited authorities.  *Mortg. Mkt. Guide, LLC v. Freedman Report, LLC*, No. 06-cv-140-FLW, 2008 U.S. Dist. LEXIS 56871, at 86-*90 (D.N.J. July 28, 2008) (holding that "preexisting online works by the same author should be given copyright protection when a derivative work is registered").   On this point, Natimark's misdirection-by-selective-quotation is typified by its serial parenthetical on page 13 of the Motion regarding *Metro. Reg'l Info. Sys. v. Am. Home Realty Network Inc.*, 722 F.3d 591 (4th Cir. 2013):

> Defendant is entitled to partial judgment on the pleadings to preclude Plaintiff from extending the temporal scope of the Asserted Copyright to InSource Database versions in existence before July 1, 2011 and after September 30, 2011 and basing the copyright infringement claim on anything but the arrangement or coordination of data within InSource Database dating from within this three month period. *Accord Metropolitan Regional Information Sys.*, 722 F.3d at 592 ("To protect its claim of copyright ownership in the MRIS Database, MRIS . . . registers the MRIS Database with the Copyright Office each quarter under the registration procedures applicable to automated databases."), 592 n.3 (referencing "copies of registration applications spanning the period from October 1, 2003 to December 31, 2011" and "corresponding certificates of registration"), 596 ("[O]wnership of the copyright in a

---

[3]     At this stage, Natimark's requested temporal limitation on the Registration is a purely academic issue.  Experian has not yet determined the iteration of the InSource Database Natimark copied because Natimark has not produced a full copy of the accused database.  To the contrary, Natimark is stalling on its discovery obligations and is presently refusing to produce a complete version of the accused database.

*Cohen Kennedy Dowd & Quigley*

1   compilation, standing alone, 'extends only to the material contributed . . . and
2   does not imply any exclusive right in the preexisting material.'") (citing 17
    U.S.C. § 103(b)).

3   (Motion 13:7-20.)

4       In reality, the Fourth Circuit in *Metropolitan Regional* held the opposite of what
5   Natimark is urging here.  At the onset, the Fourth Circuit remarked that:

6       [O]ur consideration of the parties' arguments is complicated by their
7       conflation of copyright protection and copyright registration.  These are two
        entirely distinct matters, governed by separate sections of the Copyright Act.
8       [. . .]  In general, the Copyright Act protects "original works of authorship
        fixed in any tangible medium of expression."  17 U.S.C. § 102.  This
9       protection commences as soon as the original work is created and fixed in
10      some tangible form, becoming the author's property immediately upon
        fixation.
11

12  722 F.3d at 595-96.  Ironically, Natimark is guilty of the same "conflation of copyright
13  protection and copyright registration" as the parties in *Metropolitan Regional*.  Experian's
14  copyright *protection* in the InSource Database is separate from Experian's copyright *registration*
15  of the InSource Database—they are not synonymous concepts as Natimark would have this
16  Court believe.

17      Having addressed this confusion, the *Metropolitan Regional* court noted that "the scope
18  of copyright protection is not at issue in this appeal."  722 F.3d at 595.  Instead, the only
19  questions considered were (1) whether a group database registration effected registration of
20  the pre-existing works that made up the database and (2) whether the plaintiff owned the
21  copyright to the individual pre-existing works.  *Id.*  After an exhaustive analysis of case law
22  and policy considerations, the Fourth Circuit held that a group registration in a database can,
23  in fact, serve to register the preexisting material within the database such that the copyright
24  owner could sustain an infringement action for copying only the preexisting material.  *Id.*

25      Even more tellingly, the Fourth Circuit in *Metropolitan Regional* collected cases on both
26  sides of the issue, including the two cases on which Natimark chiefly relies, *Alaska Stock* and
27  *Bean* (Motion 12:11-13:6).  The *Metropolitan Regional* court rejected the approach of both cases
28  and further noted that the Copyright Office has opined that the basis of those decisions is

*Cohen Kennedy Dowd & Quigley*

11

incorrect and that "[t]he Copyright Office is optimistic that those decisions will be overturned on appeal." *Final Rule, Deposit Requirements for Registration of Automated Databases That Predominately Consist of Photographs*, 77 Fed. Reg. 40268, 40270 (July 9, 2012).  Natimark should have been on notice that its legal footing is nonexistent.

Congress has recognized the immense burden of seeking copyright registration for computer databases and enacted a specific section of the Copyright Law to make it easier and more efficient for database owners to register their works.  17 U.S.C. § 408(c)(1); *see also Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 205 (3rd Cir. 2005).   Pursuant to Section 408(c)(1), the Copyright office allows database owners, such as Experian, to obtain a group registration of the database and 3 months of database updates in a single registration.  *See* 37 C.F.R. § 202.3(b).  Natimark is now asking the Court to limit the effective protection of the Registration to only 3 months, a position that is devoid of rationality or legal support.

The Registration, on its face, covers the "selection, coordination, arrangement and compilation of data in [the InSource] database plus all updates and revisions from 7/1/2011 to 9/30/2011." (Dkt. No. 1-1.)  The Registration includes iterations of the database before July 1, 2011, for two reasons.  First, the Registration expressly states that it includes the complete database "plus" (*i.e.,* in addition to) all updates between 7/1/2011 and 9/30/2011.  Second, because Experian is the author of all iterations of the InSource Database, the Registration is "backward looking" and acts to register all prior versions of the database. *Streetwise Maps v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998) (holding that "because Streetwise is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work."); *Mortg. Mkt. Guide,* No 06-cv-140-FLW, 2008 U.S. Dist. LEXIS 56871, at *90 (holding that "copyright protection is extended to self-contained works containing preexisting material created by the same author").  For example, when a website designer obtains a copyright registration in a final version of its website, the registration also includes as preexisting works all of the iterations of the website prior to the final version.  *Mortg. Mkt.*

*Guide*, 2008 U.S. Dist. LEXIS 56871, at *90.  As explained in *Metropolitan Regional*, this widely accepted principle applies with equal force to database registrations because 17 U.S.C. § 408 was intended to make registration *easier* for database owners, not more onerous or restrictive. 722 F.3d at 599; *see also Kay Berry*, 421 F.3d at 204.

Changes and additions to the InSource Database after September 30, 2011, are not *registered* by the Registration, but the Registration can still *protect* against copying the InSource Database after September 30, 2011.  In the website example above, subsequent iterations of the InSource Database are analogous to editing the graphics or text after the copyright registration.  The registration, of course, does not include the material that did not exist at the time of registration, but that does not mean that one is free to copy the elements that are registered with the Copyright Office.  Such is the case with the InSource Database. Experian does not contend that additions to the InSource Database after September 30, 2011, are, by themselves, protected by Experian's Registration.[4]  However, the copyrightable elements present in the InSource Database prior to September 30, 2011, persist in the InSource Database after that date and through today.  So long as the selection, coordination, arrangement, or compilation of the InSource Database remains substantially the same as it was at any point prior to September 30, 2011, the Registration protects the database from copying those registered elements.  *See Key Publ'ns, Inc. v. Chinatown Today Pub. Enters., Inc.*, 945 F.2d 509, 514 (2nd Cir. 1991) (rejecting a "self-defeating" interpretation of *Feist* that would require more than "substantial similarity" between the copied data and the registered selection to find infringement).

///

///

///

---

[4]      Experian is also free, at any point, to obtain a registration for any additions to the InSource Database after the Registration.  2 Nimmer on Copyright § 7.16[B][5][a] (2013) ("[R]egistration can be effectuated at any time—even after infringement has occurred . . . . After all, if there is a defect in proceeding based solely on registration in a derivative work, for example, one can simply belatedly register the underlying work.") (citations omitted).

*Cohen Kennedy Dowd & Quigley*

**C.     If the Court Finds The Complaint Lacking In Any Respect, The Court Should Grant Experian Leave To Amend.**

As Natimark concedes, "[a]n entity may claim a valid copyright in a compilation, such as a computer database." (Motion 4:7-8.)  At its core, Natimark's motion is nothing more than a claim that Experian did not allege sufficient facts to support its claim.  As illustrated above, such arguments are misplaced.  However, should the Court find that Experian must plead additional details to support its claim for copyright infringement, then Experian should be given leave to amend.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (holding that if "any amendment" can save a complaint, dismissal without leave to amend is improper).  Here, Natimark's argument relates to alleged pleading deficiencies and not to legal or factual barriers prohibiting Experian from asserting its copyright infringement claim.  Indeed, Natimark impliedly concedes that, in the event its Motion is granted, Experian should be given leave to amend the Complaint.  (Motion 9:2-9 (*citing Ipreo Holdings*, 2011 U.S. Dist. LEXIS 25356, at *14-15 (finding that plaintiff failed to sufficiently plead a copyright infringement claim under Rule 8(a) but granting leave to replead with additional details).)  Accordingly, Experian should be granted leave to replead in the event that Natimark's Motion is granted.

**III.     Conclusion**

For the foregoing reasons, Natimark's Motion should be denied in its entirety.

DATED this 28th day of October 2013.

**Cohen Kennedy Dowd & Quigley, P.C.**
The Camelback Esplanade
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
      Attorneys for Plaintiff

By:     *s/ Laura H. Kennedy*
        Laura H. Kennedy
        Cindy C. Albracht-Crogan

*Cohen Kennedy Dowd & Quigley*

*Cohen Kennedy Dowd & Quigley*

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on October 28, 2013, I electronically transmitted the attached

4    document to the Clerk's office using the CM/ECF System for filing and transmittal of a

5    Notice of Electronic Filing to the following CM/ECF registrants:

6
                        Kenneth M. Motolenich-Salas
7                       Michael B. Dvoren
                        Weiss & Moy, P.C.
8                       4204 North Brown Avenue
                        Scottsdale, Arizona 85251
9
                        Attorneys for Defendant Nationwide Marketing Services, Inc.
10

11
                             *s/ Laura H. Kennedy*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28