**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Experian Information Solutions Inc.,

Plaintiff,

v.

Nationwide Marketing Services, Inc.,

Defendant.

No. CV-13-00618-PHX-SRB

**ORDER**

At issue is Defendant Nationwide Marketing Services, Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Def.'s Mot.") (Doc. 46).

## I. BACKGROUND

Plaintiff brings this case to vindicate its copyright on a database of consumer information. (*See* Doc. 1, Compl. ¶¶ 1-3.) Plaintiff "compiles and analyzes data related to consumer socio-demographics, lifestyles, culture and behavior, and then employs a proprietary analytical system to accurately and comprehensively categorize millions of consumers into a compilation of datasets into what is known as the InSource Database." (*Id.* ¶ 15.) Plaintiff "created, designed, and authored the collection, selection, arrangement and segmentation of the information contained within the InSource Database," which comes from "data [purchased] directly from its original sources, as well as . . . proprietary information from [its] customers." (*Id.* ¶¶ 17, 21.) Plaintiff alleges that Defendant has infringed its copyright of the InSource Database by taking "data elements from other sources and comming[ing] those elements with data from the InSource Database to create a database of children's birth data from the ages of 2 through 17." (*Id.*

¶ 26.)

Defendant moves for judgment on the pleadings arguing that Plaintiff alleges only that it copied non-copyrightable data from the InSource Database—not that it copied the design, arrangement, segmentation, or other copyrightable portions of the database. (Def.'s Mot. at 1-2.) Plaintiff argues that Defendant's interpretation of the Complaint is unjustifiably narrow and that it does allege that Defendant copied those aspects of the database. (Doc. 48, Experian's Resp. to Def.'s Mot. ("Pl.'s Resp.") at 7-9.)

## II. LEGAL STANDARDS AND ANALYSIS

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (internal quotation marks omitted). The standard that applies to motions for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is the same standard that governs motions to dismiss made under Rule 12(b)(6). *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). Courts must consider all well-pleaded factual allegations as true and interpret them in the light most favorable to the plaintiff. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The crux of Defendant's argument is that Plaintiff has not stated a claim for copyright infringement against it because Plaintiff has alleged only that it copied non-copyrightable data. (Def.'s Mot. at 1-2.) The parties agree that the underlying data in Plaintiff's database is not copyrightable. (*See* Def.'s Mot. at 4; Pl.'s Resp. at 8); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 354-61 (1991) ("[17 U.S.C. § 103] explains that the subject matter of copyright includes compilations, but that copyright protects only the author's original contributions—not the facts or information conveyed." (internal quotation marks and citation omitted; alterations incorporated)). Although Plaintiff adequately alleges that its copyright is based on its form of compiling data and not the data itself, it alleges merely that Defendant "has taken data elements from other sources and commingled those elements with data from the InSource Database to create a database of children's birth data from the ages of 2 through 17." (Compl. ¶¶ 15-23, 26.) This allegation cannot plausibly be read to state that Defendant copied anything other than the non-copyrightable data in Plaintiff's database. Furthermore, Plaintiff never explains how its method of compiling the data was unique or how Defendant copied that unique method. Without such allegations, Plaintiff cannot state a claim for copyright infringement because it has not alleged that Defendant infringed one of its rights to the exclusive use of something on which it actually holds a copyright. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) ("Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." (internal quotation marks omitted)).[1] Consequently, the Court grants Defendant's Motion.[2]

---

[1] For this reason, the Court rejects Plaintiff's argument that it could address Defendant's concerns merely by replacing the word "data" in paragraph twenty-six of the Complaint with the phrase "selection, arrangement, coordination, or compilation of data." (*See* Def.'s Resp. at 9.)

[2] Plaintiff requests leave to file an amended complaint. (Def.'s Resp. at 14.) The

**IT IS ORDERED** granting Defendant Nationwide Marketing Services, Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Doc. 46).

Dated this 10th day of December, 2013.

Susan R. Bolton
United States District Judge

Court does not consider this request because it is procedurally improper. *See* LRCiv. 15.1(a).