NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Experian Information Solutions Inc., <br><br> Plaintiff, <br><br> v. <br><br> Nationwide Marketing Services Inc., <br><br> Defendant. | No. CV-13-00618-PHX-SRB <br><br> **ORDER** |

The Court now considers Plaintiff's Motion for Leave to File First Amended Complaint ("Pl.'s Mot.") (Doc. 59).

## I.   BACKGROUND

The facts of this case were outlined in the Court's Order filed December 10, 2013, which is incorporated fully herein. (Doc. 58, Dec. 10, 2013 Order at 1-2.) In that Order, the Court granted Defendant's Motion for Judgment on the Pleadings and dismissed Plaintiff's Complaint. (*Id.* at 4.) In its Complaint, Plaintiff alleged that Defendant infringed its copyright by "tak[ing] data elements from other sources and commingl[ing] those elements with data" from Plaintiff's InSource Database. (Doc. 1, Compl. ¶ 26.) The Court concluded that this allegation did not reveal "that Defendant copied anything other than the non-copyrightable data in Plaintiff's database." (Dec. 10, 2013 Order at 3.) Plaintiff now moves to amend the Complaint and add two new causes of action: (1) misappropriation of trade secrets and (2) violation of the Arizona Consumer Fraud Act. (Pl.'s Mot. at 1-2.) Defendant argues that the amendments and new claims are futile. (Doc. 64, Def.'s Resp. to Pl.'s Mot. ("Def.'s Resp.") at 1-2.)

## II. LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### A. Copyright Infringement

Defendant argues that the FAC fails to allege that Defendant infringed upon copyrightable work, and thus does not cure the key deficiency noted in the Court's December 10, 2013 Order. (Def.'s Resp. at 7-10.)[1] Copyright infringement includes two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

First, Defendant challenges Plaintiff's ownership of a valid copyright and argues that Plaintiff has failed to allege how the InSource Database is entitled to copyright protection. (Def.'s Resp. at 5-10.) However, Plaintiff's attached copyright registration affords the database a rebuttable presumption of originality. *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1075 (9th Cir. 2000); (Doc. 59-1, Ex. 1, Cert. of Registration; *see also* FAC ¶ 51.) To rebut that presumption Defendant must present evidence that Plaintiff's copyright lacks originality. *Id.* But this factual issue is

---

[1] The Court found that Plaintiff's copyright infringement claim "cannot plausibly be read to state that Defendant copied anything other than the non-copyrightable data in Plaintiff's database." (Dec. 10, 2013 Order at 3.)

- 2 -

1  inappropriate for consideration on a motion to amend, and consequently, the Court will
2  not consider Defendant's argument.[2]

3   Second, Defendant contends that Plaintiff has not cured the deficiency in its original complaint by alleging that Defendant copied original elements of Plaintiff's database. (Def.'s Resp. at 7-8.) Defendant maintains that Plaintiff alleges only a "high correlation of factual data" between the two databases, which is not sufficient to prove infringement. (*Id.*) However, the Court finds that Plaintiff has added sufficient facts to the FAC to allege that Defendant copied from the InSource Database. Plaintiff now claims that Defendant licenses consumer information from List Services Direct, Inc. ("LSDI") to form its own "National Consumer List" database. (FAC ¶¶ 34-35.) Plaintiff alleges that LSDI's consumer information "contains copies of at least portions of the InSource Database that it obtained without [Plaintiff's] authorization," that Defendant used this information in its National Consumer List, and that Defendant "knew or should have known that the database it acquired from LSDI . . . was acquired by improper means." (*Id.* ¶¶ 37-42.) Plaintiff claims that it discovered the alleged infringement when it tested a sample of Defendant's database and "found that the match rates for the selection, coordination, arrangement, and compilation of the consumer information were nearly identical" to that of the InSource Database. (*Id.* ¶¶ 45-46.) The Court finds that these allegations are sufficient to allege that Defendant copied original elements of the InSource Database. In summary, the Court concludes that Plaintiff has pleaded sufficient facts to establish a copyright infringement claim.

### B. Misappropriation of Trade Secrets

Plaintiff includes a new allegation in the FAC that Defendant misappropriated

---

[2] Defendant argues that Plaintiff's copyright registration is invalid under 17 U.S.C. § 410, because it failed to identify preexisting works and was therefore improperly filed. (Def.'s Resp. at 2-4; *see* Cert. of Registration.) However, to support this claim, Defendant relies on declarations, interrogatories, and other evidence produced in discovery. (Def.'s Resp. at 2-4; *see, e.g.*, Docs. 63, 65-3.) This evidence is not alleged in Plaintiff's FAC and is not appropriate for consideration at this stage in the litigation. The Court also rejects Defendant's contention that Plaintiff failed to allege which version of the InSource Database was infringed; Plaintiff alleges that Defendant copied its registered version. (Def.'s Resp. at 4-5; FAC ¶¶ 51-52.)

- 3 -

trade secret information under the Arizona Uniform Trade Secrets Act. (*Id.* ¶¶ 60-75.) "A claim for misappropriation of trade secrets involves: (1) acquisition; (2) of a trade secret of another; (3) by a person who knows or has reason to know that the trade secret was acquired by improper means." *Perryman v. Dorman*, CV-10-1800-PHX-FJM, 2011 WL 379313, at *6 (D. Ariz. Feb. 2, 2011). A "trade secret" is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process," that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable" to the public and whose owner has made reasonable efforts to "maintain its secrecy." Ariz. Rev. Stat. ("A.R.S.") § 44-401(4).

Defendant argues that Plaintiff fails to sufficiently describe its trade secret. (Def.'s Resp. at 10-11.) Plaintiff refers to the trade secret as "[t]he consumer information in the InSource Database, including the selection, coordination, and aggregation of the information in the InSource Database." (FAC ¶ 62; *see* Doc. 68, Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply") at 7-8.) Earlier in the FAC, Plaintiff described how it would compile that data and insert other elements into the database. (FAC ¶¶ 16-18.) Contrary to Defendant's argument, Plaintiff is not required to "plead its trade secrets in detail because such disclosure would amount to an effective surrender of the trade secret." *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 268644, at *7 (D. Ariz. Jan. 24, 2014) (internal quotation mark omitted); *see also Modus LLC v. Encore Legal Solutions, Inc.*, CV-12-00699-PHX-JAT, 2013 WL 6628125, at *7 (D. Ariz. Dec. 17, 2013) (finding sufficient factual detail to establish a trade secret where more than "vague allegations of 'documents' containing trade secrets").[3] Next, Defendant contends that Plaintiff failed to allege that its trade secret is not available to the public as part of Plaintiff's copyright registration, and thus, part of the public domain. (Def.'s Resp. at 11-

---

[3] Defendant also argues that Plaintiff alleged only conclusory claims that the database derives independent economic value. (Def.'s Resp. at 10-11.) But, Plaintiff alleges that it "licenses customized segments of consumer information from the InSource Database to others in the consumer information industry." (*See* FAC ¶ 19.)

- 4 -

12.) Although Plaintiff was not required to plead this to state a trade secret claim, it is uncontested that Plaintiff redacted its submission to preserve trade secret protection. (*See* Pl.'s Reply at 8-9.)

Finally, Defendant argues that the state law trade secret claim is preempted by federal copyright law because it does not assert "extra elements or assert rights that are qualitatively different" from the copyright claims. (Def.'s Resp. at 13.) Section 301(a) of the Copyright Act preempts state law causes of action if a two-part test is met: (1) "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 1021 and 103.2" and (2) if so, "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). Under the second prong, "the state cause of action . . . must have an extra element which changes the nature of the action." *Id.* at 1143 (quoting *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 977 (9th Cir. 1987)). Defendant concedes that "secrecy" is an extra element in the trade secret claim, but argues that Plaintiff's alleged trade secret is no longer secret because it is part of the public domain. (Def.'s Resp. at 13.) The Court already rejected that argument above. The Court concludes that Plaintiff's claim is not preempted by the Copyright Act. *See Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001) ("'Actions for disclosure and exploitation of trade secrets require a status of secrecy, not required for copyright, and hence, are not pre-empted.'" (quoting 1 *Nimmer on Copyright* § 1.01[B][1][h. at 1-39 to 1-40)).

C.  **Arizona Consumer Fraud Act**

Finally, Defendant argues that Plaintiff failed to state a claim under the Arizona Consumer Fraud Act ("ACFA"). (Def.'s Resp. at 14-17.) Specifically, Defendant argues that Plaintiff never claimed to have relied on any alleged misrepresentations. (*Id.* at 16.) The Arizona Consumer Fraud Act makes unlawful "[t]he act . . . by any person of any deception . . . [or] misrepresentation . . . of any material fact with intent that others rely

on such concealment, suppression or omission" A.R.S. § 44-1522(A). The misrepresentation must be "made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise." *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004) "[R]eliance is a required element under Arizona's consumer fraud statute." *Id.* Plaintiff alleges that Defendant, through a reseller, "misrepresented to [Plaintiff] the accuracy and reliability" of the list that it was marketing. (FAC ¶ 72.) It claims that the reseller "made these representations with the intent that [Plaintiff] would rely on them in order to purchase" Defendant's database. (*Id.* ¶ 45.) But there is no allegation that Plaintiff actually relied on the reseller's statement, and in fact, Plaintiff alleges that it was able to inspect a sample of Defendant's database before any purchase was made. (*See id.* ¶¶ 45-46.) Accordingly, the Court denies Plaintiff's proposed claim under the Arizona Consumer Fraud Act.

### III. CONCLUSION

The Court finds that Plaintiff has sufficiently alleged claims for copyright infringement and misappropriation of trade secrets. The Court also concludes that Plaintiff has not stated a claim under the Arizona Consumer Fraud Act making its proposed claim futile.

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 59).

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended Complaint no later than 14 days from the date of entry of this Order asserting only the claims for copyright infringement and misappropriation of trade secrets.

Dated this 12th day of March, 2014.

_____
Susan R. Bolton
United States District Judge